NEWPORT HOSPITAL, Trustee *vs.* WILLIAM R. HARVEY.

JUNE 7, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

*(1)  Specific Performance.  Wills.  Certification of Cause.*

On a bill in equity for specific performance although a question is presented which involves the construction of a provision of a will, Gen. Laws, 1923, par. 4968, does not authorize a certification of the cause to or confer jurisdiction upon the supreme court to pass upon the questions involved, when certified.

*(2)  Charitable Trusts.  Specific Performance.*

On a bill for specific performance, where the land is held by a trustee under a charitable trust, the attorney general should be made a party.

BILL IN EQUITY for specific performance. Certified under G. L. 1923, par. 4968 and remanded to Superior Court.

RATHBUN, J. This is a bill in equity to compel the respondent to specifically perform his agreement with the complainant to purchase certain real estate owned by the complainant as trustee under the will of John Alfred

Hazard, deceased. The action was commenced in the Superior Court and the material facts were admitted in the pleadings.

A justice of said court, without hearing the cause, certified it to this court for determination. While the order of certification refers to no statute by authority of which said justice assumed to make the certification it is evident from the language of said order that counsel for the parties and said justice were of the opinion that, because a question of law involving the construction of a will was raised, said justice was required by the provision of § 4968, G. L. 1923, to certify the cause as soon as it was ready for hearing for final decree. Said section provides for certification to this court of bills in equity for the construction of, or for instructions relative to, wills and trust deeds. The language is as follows: "The superior court shall certify to the supreme court for its determination all bills in equity for the construction of any will or trust deed, or for instructions relative to any will or trust deed, whenever and as soon as any such cause is ready for hearing for final decree."

Although a question is presented which involves the construction of a provision of a will, the bill before us is not one for the construction of, or for instructions relative to, a will but is a bill for specific performance. The statute above quoted does not authorize a certification of the cause to this court or confer jurisdiction upon us to pass upon the questions involved when certified as above set forth.

As the land in question is held by the trustee under a charitable trust we think the Attorney General should, in order that the public may be represented, be made, or become, a party to these proceedings. See 11 C. J. 368.

The cause is remanded to the Superior Court for further proceedings.

*Burdick & MacLeod, Edward J. Corcoran,* for complainant.
*William P. Sheffield, J. Russell Haire,* for respondent.