WILLIAM C. POWERS, Trustee, *et al. vs.* HOME FOR AGED WOMEN *et als.*

JUNE 25, 1935.

PRESENT: Flynn, C. J., Moss and Baker, JJ.

Moss, J. This is a suit in equity which was brought by the trustee of the trusts under the fourth clause of the will of Laura C. Powers, late of the city of Providence, deceased, and by others interested under that clause. In it the construction of that clause is sought among other things and therefore the suit was certified to this court for its determination in accordance with the provisions of section 35 of chapter 339 of the general laws, 1923, as being ready for hearing for final decree.

By the clause in question, (ignoring in this statement a provision for a contingency which did not happen), the testatrix devised a certain piece of real estate to the trustee in trust to manage the trust estate and accumulate the net income thereof until such net income with its accumulated income should be equal to $10,000, and directed that then this sum should be divided equally "between the Old Ladies' Home of said Providence, the Bethany Home of said Providence, the Teachers' Annuity Fund of said Providence, and the Young Women's Christian Association of said Providence," and that the trust estate should then vest in and be divided and distributed among her husband (if then living) and her heirs at law then living, share and share alike, but *per stirpes* and not *per capita*.

The evidence shows that the testatrix died August 4, 1923, the will was duly probated, the trustee took possession of this real estate, and from its net income had on June 1, 1934, accumulated the sum of $10,000. It shows further that at that time the husband of the testatrix had died and that her sole heirs at law were her six children, the complainants William C. Powers, James C. Powers, Roland C. Powers, Herman W. Powers, Leslie C. Powers, and Ruth H. P. Cushman, all of whom were then living. On this evidence the legal title to the trust real estate was on June 1, 1934, vested in these six heirs at law as tenants in common.

The evidence and the admissions of the parties show that in the fourth clause of her will the testatrix by the words

"the Old Ladies' Home of said Providence, the Bethany Home of said Providence," and "the Young Women's Christian Association of said Providence," meant three Rhode Island charitable corporations which are respondents, namely, Home for Aged Women, Bethany Home of Rhode Island, and Young Women's Christian Association of Providence, R. I., each of which under the fourth clause of the will was entitled on June 1, 1934, to receive from the complainant trustee one-fourth of the accumulated fund of $10,000. The only question which has been argued before us is what disposition should be made by the complainant trustee of the other one-fourth, which by the language of that clause was directed to go to "The Teachers' Annuity Fund of said Providence"; whether, by reason of events which have happened since the death of the testatrix and the probating of her will, it should go to the respondent Industrial Trust Company, as present trustee of the residue of the estate, or be divided equally among the three charitable corporations above named, or be otherwise disposed of.

The evidence and admissions of the parties show that the testatrix, by the words "the Teachers' Annuity Fund of said Providence" intended the "Public School Teachers' Retirement Fund," a fund which the school committee of the city of Providence, by virtue of the provisions of chapter 485 of the public laws of 1897 was authorized to establish and which it had established and continued to administer through a board of trustees until about March 18, 1925. By this statute the fund was to be made up of all moneys received from gifts, by will or otherwise, for such fund, and by certain sums to be regularly deducted and retained from the salaries of the public school teachers of Providence, and was to be used to provide retirement payments in the nature of life annuities, on a certain scale, to such of these teachers as should retire from service from time to time. Under the statute the fund was not incorporated but was held by the city of Providence and administered by a board of trustees.

By chapter 489 of the public laws of 1923, which took effect when approved by the city's voters at the general election in November, 1924, a corporation, the "Employees' Retirement System of the city of Providence," was created and began operation as of January 5, 1925, and four funds were provided for. Two of these were to be derived from sums to be deducted from the salaries of the public school teachers and from the salaries and wages of most of the other employees of the city, and were to be used for the payment of retirement "annuities" to the teachers and other employees, disability benefits and the like. The other two funds, called the "pension accumulation fund" and the "pension reserve fund," were to be derived from certain contributions to be made regularly by the city, and were to be used for the payment of retirement "pensions" etc. to the teachers and other employees.

In particular it was provided in substance that, if the above Public School Teachers' Retirement Fund should be found insufficient to keep up the payments which retired Providence public school teachers were entitled to receive from that fund, "all cash and securities standing to the credit of such fund" should be transferred to the pension accumulation fund of the retirement system; that then the teachers contributing to the earlier fund should be relieved from further contributions thereto and that its beneficiaries then on the roll of annuitants should thereafter receive the same retirement annuities from the new pension accumulation fund.

About March 18, 1925, nearly a year and a half after the death of the testatrix and about four months after the later statute had been made effective by the vote of the people of Providence, it was found that the earlier fund, which up to that time had been kept up and operated under the earlier statute, was insufficient to continue the payments which the retired teachers who were the beneficiaries thereunder were entitled to receive therefrom; and then, in accordance with the later statute, the cash and securities then in that fund

were transferred into the later pension accumulation fund, from which the above payments to those teachers, and payments to future retired Providence public school teachers and other future retired employees of the city, entitled to pensions under the later statute, would be payable and have since been paid.

The other persons and corporations that would or might be interested in the disposition of the sum of $2,500 involved in this case, if the provision for the payment of it as set forth in the fourth clause of the will were held to be wholly inoperative, were joined as parties complainant or respondent; and the Employees' Retirement System of the City of Providence and also the city of Providence itself were parties respondent. By order of the superior court, notice of the pendency of the proceeding was given to its treasurer, together with notice that he, the city, its school committee and any representative of the city and committee might answer and be heard in the proceeding in respect to the right and interest (if any) which might be claimed in behalf of the Public School Teachers' Retirement Fund. The attorney general of the state has not been made a party.

A question very similar to that in this case but not identical with it was decided by this court in *Carpenter, for an Opinion*, 47 R. I. 461. In that case a testatrix, who died January 26, 1924, had made the following bequest in the eleventh clause of her will: "I give and bequeath the sum of Three Thousand ($3000) Dollars to the Teachers' Retirement Fund, meaning the fund maintained for the benefit of the Public School Teachers of the City of Providence," and the suit was a case stated for the opinion of the court as to what disposition should be made of that sum.

In its opinion, after stating the facts with regard to the two funds, to substantially the same effect as they are stated above, this court at page 465, without any discussion of the point, found that the Teachers' Retirement Fund was not a "charity" and that the bequest in question was an absolute gift to the fund and "was not made upon any

condition or for any special purpose." It found that the statute creating that fund "was practically repealed when the voters of Providence accepted the provisions of the chapter creating the Retirement System," which was at the election in the fall of 1924. It said that the officers of the Retirement System disclaimed any right to the bequest. It held that the Teachers' Retirement Fund had ceased to exist and concluded as follows: "On account of the non-existence of the legatee named in the eleventh clause the legacy fails and falls into the residuum of the estate and passes under the residuary clause of the will."

These findings and conclusions were made in the absence of any brief or argument by the attorney general, who was not a party in the case and therefore was not in any way bound by them. G. L. 1923, Chap. 339, Sec. 20. It is well settled in this state and elsewhere that the attorney general is the representative of the interests of beneficiaries and the public under charitable trusts and bequests for charitable uses and that he should be made a party in any suit in which the existence or the validity of such a trust or such a bequest is really in question or the administration of such a trust is involved. *Newport Hospital* v. *Harvey*, 47 R. I. 382, 133 Atl. 648, citing 11 C. J. 368, which cites many cases in which this rule is applied.

In the present case the sum of $2,500, the disposition of which is in question, is a one-fourth part of the sum of $10,000, which the trustee under the fourth clause of the will is directed to divide equally among four recipients, the other three of which are purely charitable corporations. It may fairly be argued that this indicates an intention by the testatrix to devote the whole sum of $10,000 to charitable uses. The Retirement System and the city of Providence have not disclaimed any interest in the bequest for the retirement fund, but have submitted their rights and interests to the protection and consideration of this court.

In view of these facts and of other features of this case which were not discussed in the opinion in *Carpenter, for an Opinion, supra,* we feel, notwithstanding that opinion, that the questions of the charitable character and of the validity of this bequest are sufficiently involved in the case and sufficiently doubtful to make it at least advisable, if not indeed necessary, under the well settled rule above stated, that the attorney general be made a party respondent and given an opportunity to file an answer and to take other proper steps and to be heard in the case, before final determination of the question of the disposition to be made of this sum of $2,500 covered by this bequest.

An order may be presented by the complainant on July 1, 1935, providing for the appearance of the attorney general as a party and fixing the time for such appearance and for the taking of such other steps as the attorney general shall desire to take.

*Greenough, Lyman & Cross, Richard E. Lyman, Edgar J. Lanpher,* for complainants.

*Swan, Keeney & Smith, Ernest A. Jenckes, John C. Mahoney, City Solicitor, John T. Walsh, Assistant City Solicitor,* for respondents.